KING v. N.C. DEPT. OF HUMAN RESOURCES

[93 N.C. App. 89 (1989)]

GEORGE KING, Petitioner/Appellant v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES—DIVISION OF SOCIAL SERVICES, Respondent/Appellee

No. 8820SC718

(Filed 21 February 1989)

**Social Security and Public Welfare § 1— termination of benefits—inadequate notice**

Petitioner's "chore services" benefits were improperly terminated where his termination letter did not contain any information regarding the petitioner's right to representation, and the reason given for termination, "continuing refusal to cooperate," was not sufficiently specific. N.C.G.S. § 108A-79(c).

APPEAL by petitioner from *Albright (W. Douglas), Judge*. Judgment entered 28 March 1988 in Superior Court, RICHMOND County. Heard in the Court of Appeals 13 December 1988.

Petitioner, George King, is a paraplegic who requires assistance to perform his daily tasks in order to stay in a residential setting rather than an institutional home. Mr. King became a Chore Services Client of the Richmond County Department of Social Services on 12 February 1985. On 17 June 1987, he received a written notice stating that his chore services would be terminated on 1 July 1987. A local hearing was held on 24 June 1987, and the agency decision was affirmed. Mr. King appealed the decision to the North Carolina Department of Human Resources as provided in G.S. 108A-79(g) and (i).

The State Hearing Officer conducted a hearing on 6 October 1987. The agency decision was affirmed. Mr. King next appealed to the Chief Hearing Officer. This decision was rendered on 22 December 1987. Again, the agency decision was affirmed. The case was heard in Superior Court on 28 March 1988. The agency decision was affirmed. Petitioner appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Martha K. Walston, for the State.*

*North State Legal Services, Inc., by Candace Carraway, for petitioner-appellant.*

ORR, Judge

Petitioner claims he received improper notice of the termination of his chore worker services under G.S. 108A-79(c). The statute reads in part:

> The notice of action and the right to appeal shall comply with all applicable federal and State law and regulations; provided, such notice shall, at a minimum contain a clear statement of:

(1) The action which was or is to be taken;

(2) The reasons for which this action was or is to be taken;

(3) The regulations supporting this action;

(4) The applicant's or recipient's right to both a local and State level hearing, or to a State level hearing in the case of the food stamp program, on the decision to take this action and the method for obtaining these hearings;

(5) The right to be represented at the hearings by a personal representative, including an attorney obtained at the applicant's or recipient's expense;

(6) In cases involving termination or modification of assistance, the recipient's right upon timely request to continue receiving assistance at the present level pending an appeal hearing and decision on that hearing.

. . .

In the case *sub judice*, petitioner's letter which served as his notice of termination, read:

Dear Mr. King:

> As per our conversation during my visit to your home on June 10, 1987, your Chore services will be terminated July 1, 1987. This decision was made due to your continuing refusal to cooperate with agency assigned Chore workers in their delivery of Chore services to you. Such actions on your part constitute reason for termination of Chore services as set forth in Volume VI, Chapter II, Section 8070 (V.D. 10:) of the North Carolina Division of Social Services Family Services Manual.

> You have the right to appeal this decision within sixty (60) days after this letter was received. An appeal request may be either verbal or written. You also have the right to

continue receiving services pending the outcome of any appeals process, provided a request for continuation of services is made prior to the effective date of termination of services. However, should a hearing result in the agency's division [sic] being upheld, you may be required to repay the cost of services received during this period.

If you have any questions, please feel free to contact me at 997-7312, extension 35.

> Sincerely,
> DEPARTMENT OF SOCIAL
> SERVICES
> J. F. McKeithan, Director
>
> s/(Mrs.) Norma Ramey
> Social Worker I
> Adult Services

NR:bm
VIA HAND DELIVERY

The letter did not contain any information regarding the petitioner's right to representation. This is a *minimum* requirement under the statute as quoted above. The omission of information concerning the right to counsel is a serious error. Petitioner was not represented by an attorney and the assistance of counsel could have a major impact on the proceedings. In addition, the notice falls short of the necessary specificity regarding the reasons for termination. The general "continuing refusal to cooperate" does not sufficiently apprise the petitioner of the basis for the decision and seriously impairs his ability to rebut those grounds at the subsequent hearing.

Petitioner's benefits were therefore improperly terminated by the failure to follow prescribed statutory requirements for notice. We therefore remand the case so that petitioner may receive proper notice and a new hearing.

Based on the above finding, we do not reach any subsequent assignments of error.

Remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.